## THE PEOPLE v. GUZMÁN.

### APPEAL from the District Court of Mayagüez.

No. 478.—Decided October 25, 1912.

CRIMINAL LAW—PERJURY—CONTEMPT—SUMMARY PROCEEDINGS FOR CONTEMPT—COMMENCEMENT OF PROCEEDINGS FOR CONTEMPT.—A judgment of conviction for contempt rendered in summary proceedings initiated in accordance with Act No. 41 of March 9, 1911, is valid even when said judgment is rendered after the judgment in the main case in which the witness charged with contempt testified falsely, provided that the proceedings were commenced before the rendition of judgment in the main case, for the court retains jurisdiction to decide the summary proceedings for contempt even after the rendition of judgment in the case in which the perjury was committed.

The facts are stated in the opinion.

*Mr. José E. Benedicto* for appellant.

*Mr. Charles E. Foote, Fiscal,* for respondent.

MR. CHIEF JUSTICE HERNÁNDEŻ delivered the opinion of the court

Manuel Antonio Guzmán Alvarez was confined in the jail of the municipal district of Añasco and in the custody of the jailer thereof serving a sentence imposed upon him by the municipal judge of Añasco on August 30 of the present year in contempt proceedings for perjury in a criminal trial.

On the same day Guzmán Alvarez applied to the Judge of the District Court of Mayagüez for a writ of *habeas corpus* to obtain his immediate liberty. In support of his petition he alleged that his imprisonment was unlawful because the criminal action brought against José N. Guzmán for violation of section 370 of the Penal Code, wherein the contempt was supposed to have been committed, was terminated by a judgment rendered by said Municipal Court of Añasco on the 28th of the said month of August, while the judgment of conviction for contempt was rendered two days later—that is, on the 30th of the same month—when the said court had lost jurisdiction to punish for the contempt.

The hearing on the petition for *habeas corpus* having been held, a decision was rendered on August 31, denying the same and ordering that the petitioner remain in the custody of the jailer of the municipal jail of Añasco until he should have served the term imposed upon him by the municipal court. From this decision the prisoner appealed to this Supreme Court and was released provisionally on bail pending the decision on the appeal.

The only question to be decided in this appeal is whether after judgment had been rendered in the criminal action in which Guzmán Alvarez committed the contempt the Municipal Court of Añasco had jurisdiction to punish for such contempt.

From the evidence taken in the District Court of Mayagüez, it appears that while José N. Guzmán was being tried on August 28 last for violating the provisions of section 370 of the Penal Code the judge of said court became satisfied

that the testimony of Manuel Antonio Guzmán Alvarez was false and was essential to the case, for which reason the court ordered that Guzmán Alvarez furnish bail in the amount of $500 for his provisional liberty and appear on the 30th of the same month at 9 a. m. to show cause why he should not be punished for contempt of court.

The record shows that the judgment in the case of José N. Guzmán was rendered on August 28 and the sentence for contempt on the 30th of the same month.

As may be seen, the contempt proceedings were begun before judgment was rendered in the main case—that is, while it was still pending in said court—and the fact that the judgment for contempt was rendered after the main case had been disposed of does not annul the contempt judgment.

Section 1, Act No. 41, approved March 9, 1911, to provide a summary punishment for perjury committed in open court, and for other purposes, says:

"* * * If the judge presiding in said case shall be satisfied, in any case pending in his court, that a witness, after taking the oath, or after having affirmed, as prescribed by statute, to testify truly in any matter pending in the court, is guilty of perjury as herein defined, then it shall be the duty of said judge so trying the case, and he is hereby empowered on his own motion alone, to cause the arrest and detention of the party so offending, and he shall issue an order, to be served on the offending party, to appear and show cause why he should not be punished for contempt of court. The defendant shall, within a time to be fixed by the court, make his defense to the citation, and the court shall hear the testimony adduced by the prosecution and the defense, and after hearing the testimony shall pronounce judgment in the case."

Considering the legal provisions above quoted, we do not see that it is necessary to render judgment in a proceeding for contempt before the case in which it arose has been terminated, for it is sufficient that the main case be still pending before the court and that before it is terminated the judge become satisfied that contempt has been com-

mitted and that he initiate the proceedings to punish for said contempt by issuing the necessary warrant for the arrest of the contemner. The proceedings for contempt may be resumed after judgment is rendered, and the court retains its jurisdiction to render judgment thereon, whether or not the main case is terminated.

And this does not conflict with the doctrine laid down by this court in the case of *The People* v. *Valcourt,* decided June 10 of this year, for in that case the contempt proceedings were begun after the court had rendered judgment in the divorce case wherein the contempt proceedings originated, whereas in the case at bar, as we have already stated, the contempt proceedings were begun before the case in which it originated had been terminated.

For the reasons stated the judgment appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.